IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFERY JOSEPH EWERT,<br><br>      Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-CV-00318-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Plaintiff Jeffery Joseph Ewert's ("Plaintiff") appeal of the Social Security Administration's denial of his claim for disability under Title II of the Social Security Act. This court has jurisdiction to review the final decision of the Commissioner of the Social Security Administration under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c). On March 24, 2022, the court held oral argument on Plaintiff's appeal. At the hearing, Plaintiff was represented by David Holdsworth, and Defendant was represented by Kathryn Bostwick. The court took the matter under advisement. Having fully considered the parties' briefs and arguments, the administrative record, and the law and facts relevant to the appeal, the court enters the following Memorandum Decision and Order remanding the case to the Social Security Administration.

## BACKGROUND

      Plaintiff filed an application for disability insurance benefits in December 2018, alleging disability beginning in January 2015. After an administrative hearing, the ALJ found that

Plaintiff was not disabled in a September 28, 2020 decision. The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final agency decision for purposes of judicial review. Plaintiff subsequently filed this appeal seeking judicial review of the Social Security Administration's (the "Agency") final decision.

Plaintiff was born on August 4, 1977, and was therefore 38 years old on his date last insured. Plaintiff completed college and has had past relevant work as a field artillery member, special agent, and shipping and receiving clerk. Plaintiff alleged inability to work and eligibility for disability insurance benefits due to several physical and mental impairments. With respect to physical impairments, Plaintiff alleged a period of disability due to traumatic brain injury, headaches, and tinnitus. During a hearing before the ALJ, Plaintiff testified that these impairments did not limit his ability to engage in physical or postural activities. The ALJ then found that these physical impairments did not substantially limit Plaintiff's ability to engage in any level of physical, exertional activity on a continuous and sustained basis.

With respect to mental impairments, Plaintiff alleged a period of disability due to traumatic brain injury, PTSD, generalized and social anxiety, depressive disorder, and mood swings. Plaintiff testified that these mental impairments cause difficulty concentrating, tension and anger (including outbursts) in some social situations, a general avoidance of social interaction, and make him easily distracted – which prevents him from staying on task. Plaintiff also testified that being in traffic, being in stores (especially crowded ones), being around bright lights and loud noises, deviating from a set schedule, experiencing surprises, and not sleeping well can all trigger his PTSD.

After listening to Plaintiff's testimony, the ALJ formulated a Residual Functional Capacity ("RFC") for a hypothetical claimant. Based on this RFC, the ALJ posed a hypothetical

question to a Vocational Expert ("VE"). In response, the VE testified that under those restrictions the hypothetical claimant would not be able to perform any of Plaintiff's past work. The VE then identified some other jobs that such a hypothetical individual could perform. The second, third, and fourth RFCs included additional limitations (lack of focus 10-15% of the time, explosive outbursts, and not showing up to work 2-3 times per month), and in response to each of those the VE testified that the addition of these further limitations would eliminate the jobs the VE identified. After the hearing, the ALJ only included in his decision the restrictions of the first RFC and his correlative first hypothetical question.

In December of 2016, Kristin Panella of Vargas Vocational Consulting performed a vocational assessment of Plaintiff after reviewing Plaintiff's entire VA claims file. This assessment was sent to the Veterans Law Group, and this assessment was included in the record before the Agency. (Exh. 1-F). The assessment addresses Plaintiff's medical limitations – as described by doctors in 2013 and 2014 visits – as well as Plaintiff's self-reported symptoms and their progression, and Plaintiff's work history and struggles with employment. The vocational opinion states that Plaintiff's PTSD renders him unable to maintain focus for sustained amounts of time and leads to angry outbursts when interacting with others. The assessment then concludes that Plaintiff "is unable to maintain substantial gainful employment as a result of his service-connected condition" and that the severity of his PTSD symptoms has resulted in Plaintiff not working since "he quit his job on June 18, 2013." Despite this evidence on record that Ewert has been struggling with severe PTSD symptoms – that include lack of focus, severe panic attacks, and angry outbursts – before, during, and after the relevant time period, the ALJ did not include Plaintiff's inability to focus or angry outbursts in the RFC that he used in his final decision because he did not find them consistent with the other evidence on record.

**LEGAL STANDARD**

To be found "disabled" under the Social Security Act, the plaintiff must establish his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). Under the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 416.920.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. *Id*. § 416.920(b). At step two, the ALJ must determine whether the claimant has a medically determinable impairment or combination of impairments that is severe. *Id*. § 416.920(c). At step three, the ALJ determines whether the claimant's impairment or combination of impairments is of a severity to meet, or be considered medically equal to, the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. §§ 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity. *Id*. § 416.920(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. At step four, the ALJ must determine whether the claimant has the residual functional capacity to perform the requirements of his past relevant work. *Id*. § 416.920(f). At the last step, the ALJ must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. *Id*. § 416.920(g).

**ALJ'S DECISION**

The ALJ followed the five-step sequential evaluation process for disability claims. As relevant here, the ALJ found that Plaintiff had severe impairments (depressive disorder, PTSD, and tinnitus), but that his impairments did not meet or medically equal one of the listed

impairments. The ALJ then found between steps three and four that Plaintiff had the RFC to perform the full range of work with non-exertional limitations, including that he was restricted to no more than infrequent changes in a routine work setting; occasional, superficial contact with the public; and only occasional contact with supervisors and coworkers. Based on this RFC, the ALJ found that Plaintiff could not perform any past relevant work but that he was capable of performing other jobs existing in significant numbers in the national economy. The ALJ thus concluded that Plaintiff was not disabled under the strict standards of the Act.

## STANDARD OF REVIEW

The court independently determines "whether the ALJ's decision is 'free from legal error and supported by substantial evidence.'" *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2006) (*quoting Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005)). Under 42 U.S.C. § 405(g), "[t]he findings of the Commission of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall*, 561 F.3d at 1052. Although the court "will 'not reweigh the evidence or retry the case,'" it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id*. (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).

## DISCUSSION

Plaintiff appeals the ALJ's decision, arguing mainly that the ALJ erred in not including any limitations in the chosen RFC "relating to the ability [to] show up for work on a regular basis (and on time) and to work in a productive fashion (stay on task) . . . and to work without

5

outbursts and/or just leaving the workplace." The ALJ had propounded several different hypotheticals to the VE, and the ones that included those symptoms resulted in the VE stating that a hypothetical individual could perform no jobs with such limitations. The Agency argues that, despite Plaintiff's testimony that he would be limited in these areas, the other evidence on record concerning the relevant period does not support these claimed limitations. However, in light of the December 2016 vocational assessment on record, the court cannot conclude that the ALJ's choice of RFC and final decision is supported by the substantial weight of the evidence.

      The vocational assessment that Kristin Panella performed on Plaintiff and sent to The Veterans Law Group is dated December 28, 2016 – after the relevant time period. However, the assessment addresses Plaintiff's medical limitations from 2013 through 2016. While the latest medical assessment evaluated is from August 20, 2014 – an assessment that the ALJ did evaluate – the vocational assessment also takes into account Plaintiff's input on his symptoms up through December 2016. Plaintiff's reported symptoms include panic attacks more than once a week that cause isolation, verbal aggression with others for no apparent reason, anxiety even when alone, frequent and unpredictable crying episodes, memory concerns including getting lost when driving and forgetting familiar phone numbers, difficulty staying on task, forgetting to accomplish tasks he knows are important, erratic sleeping behavior, nightmares, difficulty being around people because of panic attacks and unprovoked anger. These symptoms are consistent with Plaintiff's work history through 2013 and the medical assessments from 2013 and 2014 – all included in the vocational assessment. Kristin Panella ultimately concluded that Plaintiff has been unable to work since 2013 because his PTSD symptoms have been too severe since that time.

While the court acknowledges that the ALJ considered other evidence on record, and that there is limited objective evidence during the relevant period to support these severe PTSD limitations, the court struggles to understand why the ALJ did not address or analyze this 2016 vocational assessment when explaining the choice of RFC. While this vocational assessment was performed after the relevant period, and includes information from before the relevant period, it also covers the entire relevant time period. The court finds the ALJ's failure to consider this vocational assessment striking, especially given how the assessment reveals Plaintiff's PTSD symptoms of inability to focus and angry outbursts were apparent in 2014 and 2016. That these symptoms would somehow disappear or be minimized to such an extent not to be an employment issue in 2015 is a conclusion that the court does not believe is supported by the substantial weight of the evidence. Thus, the court feels compelled to remand the case back to the ALJ to consider this 2016 vocational assessment while choosing the RFC because it does cover the relevant time period.

After reviewing the administrative record as a whole, the court concludes that it must remand the case to the Commissioner of the Social Security Administration. On remand, the ALJ should consider the 2016 vocational assessment as applicable to the relevant time period and make the decision as to what RFC to use accordingly.

## CONCLUSION

Based on the above reasoning, the court REMANDS the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of March, 2022.

BY THE COURT:

DALE A. KIMBALL
United States District Judge